**Panayiotis TSENES, Plaintiff,**

v.

**TRANS–CONTINENTAL CREDIT AND COLLECTION CORP., Defendant.**

No. CV 94–4688.

United States District Court, E.D. New York.

July 21, 1995.

Sally A. Abel, Melville, NY, for plaintiff.

Rivkin Radler & Kremer by Christopher A. Jeffreys, Uniondale, NY, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Panayiotis Tsenes (the "plaintiff") commenced the above-referenced action, by complaint dated September 30, 1994 (the "Complaint"), against defendant Trans–Continental Credit and Collection Corporation (the "defendant"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "Act"). Presently before the Court is the defendant's motion, pursuant to Fed.R.Civ.P. 12(b)(6), for an order dismissing the Complaint for failure to state a claim upon which relief could be granted.

## I. *THE COMPLAINT*

The Complaint alleges that the plaintiff is a natural person and that the defendant is a corporation which regularly engages in the business of collecting debts.

The Complaint acknowledges that it is alleged that the plaintiff incurred debts of $196 to Mercy Medical Services and $430 to Island Medical Imaging for medical services rendered. The Complaint alleges that the debts were referred to the defendant for collection, and that the plaintiff received three letters from the defendant regrading the alleged debts.

The Complaint alleges that the first two letters (the "initial letters") were received by the plaintiff in the last week of November 1993.[1] The initial letters each contained the following notice:

> THIS PAST DUE STATEMENT REFLECTS A BALANCE DUE THE STATED CREDITOR.
> THIS ACCOUNT HAS BEEN REFERRED FOR COLLECTION AND WE MUST ASK THAT YOU REMIT THE BALANCE SHOWN IN FULL BY RETURN MAIL WITHIN FIVE DAYS.
> THE AMOUNT WILL BE ASSUMED TO BE CORRECT UNLESS YOU INFORM US OTHERWISE WITHIN 30 DAYS. IF YOU DISPUTE THIS DEBT IN WRITING, WE WILL SEND YOU VERIFICATION OF THIS OBLIGATION.
> . . . .
> TO BE SURE OF PROPER CREDIT AND TO WITHHOLD FURTHER ACTION, RETURN THIS STATEMENT WITH PAYMENT IN FULL. . . .
> . . . .

The Complaint alleges that the third letter (the "follow-up letter") was received by the plaintiff in the first week of December 1993.[2] The follow-up letter contained the following notice:

> ### *LET'S FACE FACTS*
>
> ### GOOD CREDIT IS IMPORTANT TO YOU
>
> Stores, banks, credit card companies usually draw credit reports when authorizing

---

1. The Complaint actually alleges that the initial letters were received in the last week of November *1994.* (emphasis added). The plaintiff's papers, submitted in opposition to the defendant's motion, indicate that the initial letters were received in the last week of November 1993. The Complaint having been filed prior to November 1994, the Court considers the time period of receipt to be the last week of November 1993.

2. The Complaint alleges that the follow-up letter was received in the first week of December 1994. Again, the Court disregards the lazy draftsmanship and considers the time period of receipt to be the first week in December 1993.

credit. Unless this bill is cleared within 5 days, we will be obligated to recommend to our client that it report this debt to the various credit bureaus for general distribution availability. *This can hurt your ability to obtain credit for many years.*

Don't let this happen.

. . . .

The Complaint alleges that, at the time the Complaint was filed, no "action" had been taken against the plaintiff to secure payment of the alleged debts. Indeed, the Complaint alleges that the defendant "was not authorized from (sic) its client to take such action."

The Complaint alleges that the defendant, by use of the above-quoted language in the initial letters and the follow-up letter, violated the Act in several respects: (1) the defendant gave the plaintiff the impression that nonpayment would result in legal action, even though the defendant did not intend to take such action, in violation of § 1692e(5) of the Act; (2) it gave the plaintiff the impression that nonpayment would result in the imposition of post-judgment remedies, such as seizure, garnishment, and attachment, even though the defendant did not intend to take such action, in violation of § 1692e(4); (3) it used a false representation or deceptive means to collect the debts, in violation of § 1692e(10); (4) it did not properly notify the plaintiff of his right to dispute the debts and receive validation thereof, in violation of § 1692g(a); and (5) it used "unfair or unconscionable means" to collect the debts, in violation of 15 U.S.C. § 1692f.

## II. *DISCUSSION*

██ In deciding a motion to dismiss, a district court must accept the facts alleged in the complaint as true. *Scheuer v. Rhodes,*

416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Generally, the complaint should not be dismissed unless it appears that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

██ The Act establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Litigation under the Act typically involves collection letters sent by "debt collectors" to "consumers" on behalf of "creditors." *See* 15 U.S.C. § 1692a(3), (4), (6) (defining the terms). The test for determining whether a collection letter violates § 1692e is an objective standard based on the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). The sixteen subsections of § 1692e set forth a nonexhaustive list of practices that fall within this ban.[3] The Complaint charges the defendant with violating subsections (4), (5), and (10).

██ In order to state a claim under § 1692e(5), a consumer must sufficiently allege that a debt collector (1) threatened action, which (2) was "not intended to be taken." 15 U.S.C. § 1692e(5); *see Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993). In *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22 (2d. Cir.1989), a debt collector sent a letter, which read: " 'Notice Is Hereby Given That This Item Has Already Been Referred for Collection Action;' 'We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full;' and 'Pay This Amount Now If Action Is To Be Stopped.' " *Id.* at 25. The United States

---

**3.** The statute reads, in relevant part, as follows:
    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    . . . .
        (4) The *representation or implication that* nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of

any property or wages of any person unless such action is lawful and the debt collector or creditor *intends to take such action.*
        (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
        . . . .
        (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    15 U.S.C. § 1692e.

Court of Appeals for the Second Circuit held that, to the least sophisticated consumer, the language represented a threat to commence legal action. *Id.* Calling it a close question, the Second Circuit explained that, given its "vagueness," the "[t]he clear import of the language, taken as a whole, is that some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Id.* at 25–26. Because there was no indication in the record that any legal action was intended, the court determined that violations of § 1692e(5) and (10) had been established. *Id.* at 26.

In the instant case, the language relevant to the plaintiff's § 1692e(5), (4), and (10) claims is: "to withhold further action, return this statement with payment in full." Although this language imposes no deadline, another portion of the notice requested payment with five days. The language is somewhat less dire than the language in *Pipiles*, but just as vague. The least sophisticated consumer could construe this language as a threat to commence legal action—legal action which could result in the imposition of provisional remedies. Because the Complaint alleges that the defendant did not have authority to commence legal action, it states claims under § 1692e(5), (4), and (10) sufficient to survive the motion to dismiss. At a later stage in the litigation, the plaintiff will have to substantiate its allegation and affirmatively show that the defendant did not intend to bring legal action. To do this, plaintiff will have to show that the possibility of a lawsuit could be "ruled out" because, for example, "a creditor had a fixed practice of not bringing suits against customers." *See Sluys v. Hand,* 831 F.Supp. 321, 326–27 (S.D.N.Y. 1993).

■ The plaintiff also charges the defendant with violating § 1692g(a). Section § 1692(g)(a) provides, in pertinent part, that the debt collector must in its initial communication (or within five days thereafter) provide written notice to the consumer containing:

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt ... the debt will be presumed to be valid by the debt collector[,]

15 U.S.C. § 1692g(a)(3), and

a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt ... is disputed, the debt collector will obtain verification of the debt ... and a copy of such verification ... will be mailed to the consumer by the debt collector. ...

*Id.* § 1692g(a)(4).

Although the initial letters, standing alone, complied with the mandate of § 1692g—notifying the plaintiff that he had thirty days within which to contest the underlying debt—the follow-up letter rendered the statutory notice problematic. The follow-up letter, allegedly received by the plaintiff between one and two weeks after receipt of the initial letters, threatened action within ten days—action which could "hurt [the plaintiff's] ability to obtain credit for many years." Faced with these inconsistent statements, it is possible that the least sophisticated consumer "would be induced to overlook his statutory right to dispute the debt within thirty days." *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991). As such, the Complaint states a cause of action under § 1692g.

■ The Court also determines that the Complaint states a cause of action under 15 U.S.C. § 1692e(10) on grounds that the juxtaposition of the inconsistent statements in the initial letters and the follow-up letter constituted a "false representation or deceptive means to collect ... any debt." *See Graziano,* 950 F.2d at 111.

■ Finally, the Complaint alleges that the defendant violated § 1692f. The prefatory language of Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect ... any debt." Eight subsections then list various practices which violate the section. Although the defendant's conduct does not fall into any of the categories identified by the subsections, the plaintiff insists that it amounts to "unfair" means used to collect a debt, and that the prefatory language standing alone provides a cause of action.

The list of § 1692f violations found in the subsections are nonexhaustive. Indeed, following the prefatory language, the subsections are introduced with the phrase: "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section[.]" The plaintiff, therefore, is correct in his view that the prefatory language provides a cause of action. Nonetheless, the Complaint is devoid of support for the contention that the defendant engaged in practices that were "unfair" or "unconscionable" within the meaning of the section; all the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e. As such, the plaintiff has failed to state a cause of action under § 1692f, and the defendant's motion should be granted to that extent. In the event that the omission of support for the § 1692f claim was the result of a drafting oversight, the plaintiff has leave to amend the Complaint within thirty days of the date of this order.

### III. *CONCLUSION*

For the above reasons, defendant's motion to dismiss the Complaint is granted in part and denied in part. The motion is granted as to the claim alleged pursuant to 15 U.S.C. § 1692f, which is dismissed without prejudice, and denied as to the claims alleged pursuant to §§ 1692e(5), (4), and (10), and 1692g.

SO ORDERED.