Leni Levenson WIENER, Plaintiff,

v.

Marshall E. BLOOMFIELD, Defendant.

No. 95 Civ. 2927 (LAK).

United States District Court,
S.D. New York.

Oct. 27, 1995.

Randy A. Dusek, New York City, for Plaintiff.

Marshall E. Bloomfield, New York City, Defendant Pro Se.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff brings this action under the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. §§ 1692 *et seq.* (1986). She contends that defendant violated several provisions of the Act in communications sent by him as the debt collector for a creditor of the plaintiff. The matter is before the Court on cross-motions for summary judgment.

### *Facts*

The essential facts in this case are undisputed. Fred M. Schildwachter & Sons, Inc., ("Schildwachter") retained the defendant, an attorney with offices in the Bronx, to collect a debt of $1,019.76 that it claimed was owed to it by the plaintiff for service of her home fuel oil tank. Plaintiff resides in Westchester County.

The defendant sent a series of letters to the plaintiff in an attempt to collect the debt. The first letter, dated March 1, 1995, identified defendant as the representative of Schildwachter, stated that it was an attempt to collect a debt of $1,019.76, threatened to "proceed to prepare for litigation" against the plaintiff if she did not respond within ten days, and informed plaintiff that she had thirty days to dispute the validity of the debt. (Compl.Ex. A) The second letter, dated March 27, 1995, reiterated that defendant was seeking to collect the $1,019.76 debt on behalf of Schildwachter, set a deadline of April 6 for plaintiff to respond, and threatened immediate litigation if plaintiff did not respond by the deadline. (Compl.Ex. D) It enclosed copies of documents captioned "Summons" and "Verified Complaint"

(Compl.Ex. B), and "Summons & Complaint: Service Pursuant to CPLR 312-a" and "Acknowledgment of Receipt of Summons and Complaint." (Compl.Ex. C) These seeming court documents were captioned "Fred M. Schildwachter & Sons, Inc., Plaintiff(s), against Frederick P. Wiener, & Leni Levenson Wiener, Defendant(s)[,]" and "Supreme Court of the State of New York County of the Bronx[.]" Defendant's final letter, dated April 12, 1995, after again identifying the defendant and the debt about which he was contacting plaintiff, demanded that plaintiff respond by April 22 or face litigation. All three letters were headed "Re: Fred M. Schildwachter & Sons, Inc. -against- Frederick P. Wiener Leni Levenson Wiener[.]" (Compl.Ex.s A, D, E)

At no time did plaintiff respond to defendant's communications regarding the debt, nor did plaintiff ever inform defendant or her creditor that she disputed the validity of the debt. Plaintiff's complaint in the instant action is dated April 24, 1995, and was served on the defendant on May 3, 1995. From the record it does not appear that the defendant, as attorney for the creditor, has filed suit against plaintiff to collect the debt.

### *Discussion*

Congress enacted the Fair Debt Collection Practices Act in 1977 in order to check practices by debt collectors that Congress had found were "abusive, deceptive, and unfair." 15 U.S.C. § 1692 (1986). The Act requires, among other things, that consumers have thirty days from receiving notice of a debt in which to dispute the validity of the debt and requires that debt collectors so inform recipients of collection notices. *Id.,* § 1692g. It generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of a debt[,]" and specifically enumerates several such proscribed misrepresentations. *Id.,* § 1692e. In order to prevent the use by debt collectors of fora that are inconvenient for consumers, the Act mandates that consumer debt collection actions be commenced in the judicial district in which the consumer resides, unless certain provisions not relevant here apply. *Id.,* § 1692i. The plaintiff's

claims under each of these sections are discussed below.

### The "Overshadowing" Claim Under Section 1692g

■ Plaintiff contends that the use of conflicting deadlines in all three of the defendant's collection letters violated the Act. The mere use of conflicting deadlines alone, however, is not itself a violation of the Act. A debt collector violates the Act by giving a consumer conflicting deadlines if those deadlines result in overshadowing the notice required by Section 1692g of the consumer's right to a thirty day period in which to dispute the debt. *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991) (cited in *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993)); *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991); *Swanson v. Southern Or. Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988); *Tsenes v. Trans–Continental Credit and Collection Corp.,* 892 F.Supp. 461, 465 (E.D.N.Y.1995).

In this case, defendant's March 1, 1995 letter provided the required notice that the debtor had thirty days to dispute the debt. It nevertheless instructed the debtor to respond within ten days, and noted a "deadline" of March 11, 1995. The letter was headed "Re: Fred M. Schildwachter & Sons, Inc. -against- Frederick P. Wiener Leni Levenson Wiener" and stated that "if you do not respond to our office within 10 days of receipt of this letter, you will force us to proceed to prepare for litigation against you."

■ In deciding whether a contradictory deadline overshadows notice of the statutory thirty day validation period, the Court views the communication from the perspective of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). Viewed in this way, the Court holds that the notice to plaintiff of her right to dispute the validity of the debt within thirty days contained in defendant's March 1, 1995 letter was overshadowed by the combined effect of the threat that litigation would be prepared if no response were received within ten days, the heading suggesting that litigation already had been commenced, and the notation in a box on the bottom of the letter reading "DEADLINE: 03/11/95."

■ Plaintiff contends also that defendant's letters of March 27, 1995 (Compl.Ex. D) and April 12, 1995 (Compl.Ex. E) similarly violated the Act. The Act, however, is violated only when the conflicting deadlines are likely to confuse and discourage the consumer from exercising his statutory right to dispute the validity of the debt within thirty days. Here, the plaintiff was informed of her right to thirty days in which to dispute the debt by the March 1, 1995 letter. The March 27 letter indicated that she needed to respond by April 6, 1995, more than thirty days from the date of the first letter. Thus, there was no danger that the deadline indicated in the March 27 letter would prevent plaintiff from availing herself of the full thirty days from the time of the initial notice if she chose to dispute the debt. Likewise, the April 12, 1995 letter did not infringe the plaintiff's right to the statutory period, since it was sent after the period expired. Thus, conflicting deadlines for payment and for other actions mentioned in the second and third letters did not violate section 1692g.

### Threats to Take Action Not Legally Permissible in Violation of Section 1692e(5)

■ Among the false, deceptive and misleading practices expressly prohibited by the Act, is the making of a threat to do anything that may not legally be done. 15 U.S.C. § 1692e(5) (1986). In this case, the defendant sent papers to the plaintiff in the form of a summons and complaint for an action in New York State Supreme Court. (Compl.Ex. B, C). The March 27 letter accompanied these papers and stated "[a]s you can see from the copies of the enclosed Summons and Complaint against you, we are ready to forward same to our process server for service upon you." The caption on the summons and complaint indicates that they had been or were to be filed in the Supreme Court for the County of the Bronx. Under the Act, however, venue is proper in an action by a debt collector only in the judicial district where the consumer resides or where the contract, if written, is signed. 15 U.S.C. § 1692i (1986). For purposes of the Act,

"judicial district," although not defined, has been held to mean "county" when determining whether a state court action has been filed in the proper judicial district. *Blakemore v. Pekay,* No. 94 C 3418, 1995 WL 399460, at *7 (N.D.Ill. June 29, 1995); *Newsom v. Friedman,* No. 94 C 5312, 1995 WL 76869, at *2–*5 (N.D.Ill. June 27, 1995); *Dutton v. Wolhar,* 809 F.Supp. 1130, 1139 (D.Del. 1992). Violation of the Act's venue provision is sufficient to establish liability. *See, e.g., Fox v. Citicorp Credit Serv., Inc.,* 15 F.3d 1507, 1515–16 (9th Cir.1994); *Scott v. Jones,* 964 F.2d 314 (4th Cir.1992); *Martinez v. Albuquerque Collection Serv., Inc.,* 867 F.Supp. 1495, 1502 (D.N.M.1994).

■ Here, the defendant did not violate Section 1692i because the papers were not actually filed with the New York State Supreme Court in the Bronx. The defendant clearly threatened, however, to file suit in the Bronx by forwarding the summons and complaint to the plaintiff. Since the defendant was prohibited by Section 1692i from filing the action in the Bronx, the threat to file in the Bronx was a threat to do something which could not legally be done and was therefore prohibited by Section 1692e(5). *Sluys v. Hand,* 831 F.Supp. 321, 327 (S.D.N.Y.1993) (threat to sue in court where venue would violate the Act is itself a violation of the Act); *see also Seabrook v. Onondaga Bureau of Medical Economics, Inc.,* 705 F.Supp. 81, 86 (N.D.N.Y.1989) (threat to garnish larger percentage of plaintiff's salary than allowed by law violated Act because "the threat to take legal action which could not legally be taken violates § 1692e(5)").

■ Plaintiff contends also that the threat to seek "costs, disbursements, and interest" made in defendant's April 12 letter violated Section 1692e(5) because such costs would not be recoverable in an action filed in the proper New York court. The defendant's letter, however, indicated that he would seek to recover "costs, disbursements, and interest as allowable by law." In light of this proviso, it cannot be said that defendant threatened to seek costs which he legally could not recover, regardless of what the appropriate court for the suit would have been under New York law.

*Misrepresentation of Documents as Legal Process in Violation of Sections 1692e(9) and (13)*

■ The Act prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court ... or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9) (1986). Section 1692e(13) prohibits the "false representation or implication that documents are legal process."

As discussed above, defendant mailed to plaintiff papers that were captioned "Summons" and "Summons & Complaint: Service Pursuant to CPLR 312–a[,]" and which adhered to the customary form of such documents when filed in New York State Supreme Court. In his accompanying March 27 letter, defendant warned that he was ready to turn the documents over to a process server for service upon the plaintiff. Plaintiff contends that this communication falsely suggested that defendant had brought suit against the plaintiff. Defendant responds that his March 27 letter accompanying these documents made it clear that the documents had not actually been served on plaintiff and, in consequence, that he did not misrepresent the summons and complaint as authorized by a court or as legal process.

■ As a matter of New York civil practice, defendant is correct that the summons and complaint were not court papers, at least given that no action had been filed. But that is not controlling. The legal subtleties on which defendant relies likely would be lost on the "least sophisticated consumer," who probably would assume that the imposing and formal-looking court documents, with prescribed dates for returning an acknowledgment of receipt and double-underscored warnings that false statements or forged signatures on the acknowledgment are punishable as crimes, were in fact legal process. While it may be that the disclaimer in the March 27 letter would preclude a decision on summary judgment that the defendant intended falsely to represent the summons and

complaint as legal process or as authorized by a court, the Act prohibits also the use of documents that merely "simulate" documents authorized by a court. The broad remedial purpose of the Act is not concerned with the intent of the debt collector. Indeed the Act is a strict liability statute. *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir.1993). Its concern is with the likely effect of various collection practices on the mind of the least sophisticated consumer. Taken in context, the one sentence statement that process was ready to be served cannot outweigh the unmistakable impression, conveyed by the nine pages of the summons and complaint, that legal proceedings had been instituted against the plaintiff. Indeed, it would take a far more explicit statement than the reference to the fact that process was ready to be served to convey to the least sophisticated consumer that, despite the attached summons and complaint with acknowledgment form and return date, a lawsuit had not been commenced.[1]

*Threat of Criminal Prosecution*

■■■ Plaintiff contends that the reference to the possibility of criminal sanctions for the making of false statements or forgery of signatures on the "Acknowledgment of Receipt of Summons and Complaint" sent by the defendant violates the Act by being false, misleading, and abusive, as the documents were not actually served in relation to a case that had been filed. Contrary to plaintiff's contention that this was a threat made in order to extort payment of the debt, the threat, if there was one, was that failure to acknowledge truthfully the receipt of the summons and complaint could be punishable as a crime. While this statement was misleading under the circumstances, as no legal process had been issued, its likely effect was to make the recipient truthfully sign and return the acknowledgment, not pay the debt. It appears therefore to be beyond the reach of the Act.

1. One court has held that even the use of the caption "Kornmeyer Furniture Co. v. Ruth E. Johnson" on what was otherwise merely a letter to the consumer, combined with references to

*Absence of Disclosure Statement*

■■■ Plaintiff contends that in certain communications she received from defendant, defendant failed to state, as required by Section 1692e(11), that the communications were made for the purpose of collecting the debt and that any information obtained in the process would be used for that purpose. Plaintiff claims that the summons and complaint constituted two violations of this Section.

■■■ All communications from the debt collector to the consumer must include a statement disclosing the debt collector's purpose and the use to which any information obtained in the process will be put. *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 26–27 (2d Cir.1989). Here, however, the defendant enclosed with the summons and complaint his letter of March 27, which contained the required warning. The Court will treat the summons, complaint, and letter as one "communication," as they were mailed together. (Reply Aff. & Def. 3(g) Statement) Consequently, the Court holds that the March 27 communication contained the statutorily required warning.

*Threat to Take Action Not Intended to be Taken in Violation of Section 1692e(5)*

■■■ Section 1692e(5) prohibits debt collectors from threatening to take action which they do not actually intend to take. Plaintiff contends that defendant's threat to proceed with litigation in ten days, made in his March 27 letter, was not a threat on which defendant intended to make good. The plaintiff, however, bears the burden of proof on the issue of defendant's intent. *Pearce v. Rapid Check Collection, Inc.,* 738 F.Supp. 334, 338 (D.S.D.1990). Drawing all possible inferences in favor of the non-moving party, as required in deciding motions for summary judgment, the Court holds that plaintiff has not met her burden of showing that there is no genuine issue as to whether defendant intended to bring suit within the

court costs, misrepresented that legal proceedings had commenced against the consumer. *Johnson v. Eaton,* 873 F.Supp. 1019, 1025 (M.D.La.1995).

ten days threatened in his letter of March 27, 1995.

*Damages*

 The Court has found that defendant violated the Act in at least three separate ways. Defendant overshadowed the statutory debt validation period notice in his initial communication to plaintiff by emphasizing a conflicting date, in violation of Section 1692g. Defendant sent documents to plaintiff, in violation of Sections 1692e(9) and 1692e(13), that falsely appeared to be legal process and that simulated documents authorized by a court. Defendant violated Section 1692e(5) by threatening to sue plaintiff in the Supreme Court of New York in the County of the Bronx, a venue in which an action on the debt would have been prohibited by Section 1692i.

 A single violation is sufficient to establish liability under the Act. *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). The court considers the frequency or number of violations only in calculating damages. 15 U.S.C. § 1692k(b)(1) (1986). The court may not, however, regardless of the number of violations, impose more than the $1,000 statutory penalty provided for actions such as these in the absence of actual damages. *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61, 69 (E.D.N.Y.1994); 15 U.S.C. § 1692k(a)(2)(A) (1986).

Here there are no unusual circumstances to counterbalance the defendant's several violations of the Act. Therefore, in order to serve the deterrent purpose of the Act and carry out the broad remedial intent of Congress, *see Graziano v. Harrison,* 950 F.2d 107, 113–14 (3d Cir.1991); *Cirkot v. Diversified Financial Systems, Inc.,* 839 F.Supp. 941, 944 (D.Conn.1993); 15 U.S.C. § 1692 (1986), the Court in its discretion awards to plaintiff $350 in statutory damages. Plaintiff has neither pleaded nor proved any actual damages, so none are awarded.

*Conclusion*

Plaintiff's motion for summary judgment is granted as to defendant's violation of Sections 1692e(5), 1692e(9), 1692e(13), and 1692g,

and denied as to all other claimed violations. Defendant's cross motion for summary judgment is denied as to these specified violations of the Act, and granted in all other respects save defendant's contention, asserted by way of counterclaim, that plaintiff's action was frivolous. The latter claim and defendant's request for sanctions under Section 1692k(a)(3) are without merit. Accordingly, the Clerk shall enter judgment for plaintiff in the amount of $350 on her complaint and dismissing the counterclaim.

SO ORDERED.