Randy M. DIROSA, on behalf of himself and all others similarly situated, Plaintiff,

v.

NORTH SHORE AGENCY, INC., Book of the Month Club, Inc., Defendants.

No. 98 C 3375.

United States District Court, N.D. Illinois, Eastern Division.

July 15, 1999.

Christopher V. Langone, Langone Law Firm, Chicago, IL, for plaintiff.

David Mathew Schultz, Matthew R. Henderson, Hinshaw & Culbertson, Chicago, IL, for North Shore Agency, Inc., defendant.

Michael W. Davis, Theodore R. Scarborough, Jr., Amy B. Kelley, Sidley & Austin, Chicago, IL, for Book of the Month Club, Inc., defendant.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

According to the complaint, plaintiff has a reason to be exercised—Book of the Month Club has not recognized that he is no longer a member, it keeps sending him books he did not ask for and does not want, and a collection agency is dunning him for payment for those books. But that is not what the present motion is all about. The motion is for judgment on the pleadings with respect to counts I and III, and that motion we grant.

Counts I and III are interrelated. North Shore Agency, Inc. (North Shore) included a validation notice in its initial communication, as required by 15 U.S.C. § 1692g:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

It also included the same validation notice in subsequent letters to plaintiff, even though the 30 days after the initial communication has long passed. Plaintiff claims that the subsequent notices are confusing

and therefore in violation of 15 U.S.C. § 1692g and § 1692e.

North Shore contends that sequential validation notices cannot violate the statute after the statutory validation period is over. They do not, in those circumstances, "confuse or discourage the consumer from exercising his statutory right to dispute the validity of the debt *within 30 days.*" *Wiener v. Bloomfield,* 901 F.Supp. 771, 775 (S.D.N.Y.1995). Plaintiff argues that his allegation of confusion is enough to survive the motion on a motion to dismiss, relying upon *Johnson v. Revenue Management Corp.,* 169 F.3d 1057 (7th Cir.1999). In any event, he says, the letters confuse as to the scope and existence of federal rights and contradict the validation notices by threatening the consumer's credit-standing and demanding prompt payment.

We do not understand *Johnson* to carve out a special standard for Fair Debt Collection Practices Act cases. An allegation that something violates the Act because it is confusing will not defeat a motion to dismiss if the allegation is clearly unsupportable. Is it supportable here? We do not see how subsequent validation notices can violate § 1692g, That provision requires that a validation notice containing certain information be sent within a prescribed period. That was done here. If the consumer disputes the debt in writing within 30 days, then the debt collector has to cease collection efforts until it provides the information described in the validation notice. That constraint upon the debt collector is not, however, included in the validation notice.

Nothing in § 1692g suggests that a debt collector who has initially complied with that provision somehow becomes a violator if it includes similar validation notices in subsequent communications. We think plaintiff must rest upon § 1692e. That provision lists sixteen specific false threats or tricks, or other unfair means that a debt collector may not use. None proscribes subsequent validation notices. Plaintiff can prevail only if the subsequent vali-

dation notices can be deemed to be a "false, deceptive, or misleading representation or means in connection with the collection of any debt." We conclude that they cannot. The subsequent notices represent only that the debt collector will send proof of the debt if requested in writing. Here the debt collector may well have honored such a request (and, then again, it may not have done so—another count alleges that it failed to send that proof even when it was required to do so). Either way, those notices did not say or suggest that the consumer had federal rights, or that the debt collector would forego a demand for prompt payment or withhold advising credit reporting agencies of the purported delinquencies if the consumer sought verification after the 30–day period, nor was it required to do so. We fail to see how plaintiff could be adversely confused in these circumstances. We also see some reason for at least some subsequent validation notices, because they might well forestall arguments that § 1692g notice had not been given because, for one reason or another, the consumer had not received the initial communication.