### Carolyn HERBERT

v.

### MONTEREY FINANCIAL SERVICES, INC.

### Civ. No. 3:93CV523 (AHN).

United States District Court, D. Connecticut.

July 14, 1994.

Joanne Faulkner, New Haven, CT, for plaintiff.

Marc M. Schindelman, Hartford, CT, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

NEVAS, District Judge.

Plaintiff, Carolyn Herbert ("Herbert"), brings this action against defendant Monterey Financial Services ("MFS"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a.

Now pending before the court is Herbert's motion for summary judgment, in which she seeks to establish MFS's liability for four violations of the FDCPA: (1) a violation of section 1692c(a), for continuing to contact Herbert concerning a debt when MFS knew that Herbert was being represented by an attorney; (2) a violation of section 1692c(c), for continuing to contact Herbert after receiving written notice that Herbert refused to pay; (3) a violation of section 1692e, for making objectively false statements; and (4) a violation of section 1692e, for threatening to sue and engaging in the unauthorized practice of law. Herbert seeks $1,000 for each violation, as well as compensatory and punitive damages and attorney's fees.

For the reasons that follow, Herbert's motion [doc. # 22] is GRANTED.

### STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....' " *Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510), *cert. denied,* —— U.S. ——, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992).

### FINDINGS OF FACT

Keeping this standard in mind, the court finds the following facts to be undisputed.[1]

Herbert entered into a vacation time-share transaction with Inn Group Associates ("IGA") "for the purpose of having a place to go for vacations and recreation for myself and my family" at the Inn on Long Wharf in Newport, Rhode Island. (Pl. Aff. at ¶ 3.) MFS is a debt collector within the meaning of the FDCPA. MFS communicated with Herbert in an effort to collect Herbert's alleged debt to IGA. The collector assigned to Herbert's account was John Brewer.

MFS's computer automatically sent Herbert its initial form letter on or about September 21, 1992, notifying her that her account had been referred to MFS and urging her to promptly remit payment in order "to avoid the remedies available under the regulating State laws." (Pl. Local Rule 9(c) Statement, Ex. A.) The initial letter also

---

1. MFS, in its Local Rule 9(c) Statement, does not dispute any of the facts set forth by Herbert, and takes issue only with the characterization of Herbert as a "consumer" under the FDCPA. Accordingly, the court's findings of fact are drawn from Herbert's own Local Rule 9(c) Statement, unless otherwise indicated.

purported to be the final demand for payment before "such actions" were to be taken. (*Id.*)

On October 16, 1992, MFS received Herbert's dispute notice by letter from her attorney dated October 13, 1992. On October 21, 1992, MFS sent another form letter directly to Herbert, giving her five days to respond before the "final decision" was made. (Pl. Local Rule 9(c) Statement, Ex. C.) That letter requested settlement "prior to possible legal action" and was signed by Mike Gray. (*Id.*) Neither Mr. Gray, nor Mr. Brewer, whose decision it was to send the letter, nor any employee of MFS, is a lawyer. MFS did not have written authorization from IGA to select an attorney.

On November 23, 1992, MFS received a letter from Herbert's lawyer dated November 19, 1992, which stated that Herbert "does not owe the debt and refuses to pay." (Pl. Local Rule 9(c) Statement, Ex. D.) MFS claims that after receiving the letter, it tried unsuccessfully to reach Herbert's attorney. On December 23, 1992, MFS called Herbert directly. She refused to pay and told the representative of MFS to contact her attorney.

## DISCUSSION

■ MFS makes a single argument in opposition to Herbert's motion for summary judgment: MFS contends that Herbert has failed to meet her burden as the moving party, in that she has offered no evidence to substantiate that she is a "consumer" as that term is defined by section 1692a(3) of the FDCPA. The court disagrees.

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Section 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes...." Herbert has submitted an affidavit in which she avers that the debt arose out of a transaction involving a vacation time-share for herself and her family. Such a transaction, the court finds, is for

personal or family purposes within the meaning of § 1692a(5), and therefore Herbert qualifies as a "consumer" under § 1692a(3). Moreover, the court finds that the affidavit furnished by Herbert provides sufficient support for her motion for summary judgment, and that it is MFS that has failed to meet its burden as the nonmovant of coming forward with evidence to controvert Herbert's proffer. *See* Rule 56, Fed.R.Civ.P. ("A party seeking to recover upon a claim ... may ... move with or without supporting affidavits for a summary judgment in the party's favor...."); *Granoff v. Merril Lynch & Co.,* 775 F.Supp. 621 (S.D.N.Y.1991) (When motion for summary judgment is supported with specific factual materials such as affidavits, opposing party must come forward with specific facts showing that there is a genuine issue for trial, and may not rely on mere allegations or denials to defeat motion).

Having resolved MFS's sole objection to summary judgment, the court must also consider whether the undisputed facts support an entry of summary judgment for Herbert. The court is satisfied that, drawing all inferences in MFS's favor, the facts support the conclusion that MFS committed at least four violations of the FDCPA.

■ The FDCPA specifically prohibits a debt collector from contacting a debtor "if the debt collector knows the consumer is represented by an attorney with respect to such debt ... unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector...." 15 U.S.C. § 1692c(a)(2). On October 16, MFS received a letter notifying it that Herbert had retained counsel. Yet on October 21, MFS sent a second dunning letter directly to Herbert. MFS does not contend that Herbert's attorney failed to respond to any of its communications during that period. Thus, by contacting Herbert by mail five days after learning that she was being represented by an attorney, MFS clearly violated § 1692c(a)(2).

■ Furthermore, on November 23, Herbert's attorney sent a letter to MFS stating that Herbert "does not owe the debt and refuses to pay." (Pl. Local Rule 9(c) State-

ment, Ex. D). Under the FDCPA, after a debt collector receives such notification, it is prohibited from making further efforts to communicate with the consumer. 15 U.S.C. § 1692c(c). Yet the undisputed facts reveal that on December 23, MFS called Herbert directly. MFS has not asserted, let alone established, that any of the exceptions to this section apply to this case. Thus, by contacting Herbert directly after receiving notification from her attorney that Herbert refused to pay the debt, MFS violated § 1692c(c).

The FDCPA also prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e provide a list of practices banned by that statute. However, the list is not exhaustive; a debt collector may violate this section even if the debt collector's practice is not specifically enumerated within the list. *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993). MFS's initial form letter to Herbert of September 21 purported to be a "final demand" prior to the initiation of legal action. In evaluating the words, "final demand," the court must apply an objective test based on the understanding of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993). The court is persuaded that the least sophisticated consumer would interpret "final demand" to mean that MFS was affording Herbert one last opportunity to resolve her alleged debt before it took further steps against her. Yet, as MFS's subsequent efforts to contact Herbert demonstrate, the dunning letter of September 21 was not, in fact, a final demand. Thus, the court finds that the "final demand" language contained in that letter was objectively false and that its use by MFS violates § 1692e. *Cf. Bentley,* 6 F.3d at 62 (Dunning letter which falsely stated that the debtor's account had been referred to someone's desk was an actionable violation of § 1692e of the FDCPA, since it implied that personal attention would be given to debtor's account.).

Finally, Herbert argues that the veiled threats of legal action contained in MFS's dunning letters constitute violations of the FDCPA's prohibition against "threat[s] to take any action that cannot legally be taken...." 15 U.S.C. § 1692. MFS threatened Herbert with "the remedies available under the regulating State laws" and requested "settlement prior to possible legal action." The court finds that the least sophisticated consumer would understand this language to mean that MFS was authorized to make the decision to take legal action. Yet Herbert asserts that MFS lacked such authority, and the undisputed facts reveal both that MFS employed no lawyers, and that MFS had no written authorization from IGA to select an attorney. Based on the present record, the court concludes that MFS lacked the authority to institute legal action, and the misrepresentations to the contrary contained in its dunning letters represent clear violations of § 1692e(5). *See Bentley,* 6 F.3d at 63.

A single violation of the § 1692 is sufficient to establish civil liability under the FDCPA. *See* 15 U.S.C. § 1692k. Herbert has demonstrated MFS's liability for four such violations.

### CONCLUSION

Based on the foregoing, the Herbert's motion for summary judgment [doc. # 22] is GRANTED, and the clerk shall enter judgment accordingly.

SO ORDERED.