165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stacy J. COMBS, Plaintiff-Appellant,
v.
DIRECT MARKETING CREDIT SERVICES, INC., Defendant-Appellee.
 No. 98-2857.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 16, 1998.
Decided Dec. 29, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied March
18, 1999.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 98 C 0477. Milton I. Shadur, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Stacy Combs filed a complaint against the defendant, a collection agency, alleging that the defendant's name and form of collection notice violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). The district court dismissed the complaint sua sponte for failure to state a claim upon which relief may be granted, and Combs appeals. Because the district court properly dismissed the complaint, we affirm.
 
 
 2
 In August of 1997, Combs received a notice from the defendant seeking payment of $100.04 on behalf of BMG Music Service. The defendant identifies itself in the notice as a collection agency and explains that the notice has been sent as an attempt to collect a debt. Also written in the notice are the following statements:
 
 
 3
 THIS IS YOUR OPPORTUNITY TO RESOLVE THIS MATTER AMICABLY; and
 
 FAILURE TO COMPLY
 
 4
 WE HAVE CONTACTED YOU PREVIOUSLY WITHOUT SUCCESS. WHEN YOU INCURRED THIS OBLIGATION YOU ASSUMED THE RESPONSIBILITY TO PAY THIS ACCOUNT. WE ADVISE YOU TO CONSULT WITH YOUR ATTORNEY REGARDING YOUR LIABILITY.
 
 
 5
 In January of 1998, Combs filed a lawsuit against the defendant alleging that the above-quoted language violates § 1692e(5) and (10) of the FDCPA because it falsely or misleadingly represents to an unsophisticated consumer that a lawsuit will ensue from the failure to pay the debt amount set forth in the notice. Additionally, Combs alleged that the name "Direct Marketing Credit Services, Inc." violates § 1692e(16) of the FDCPA because it falsely conveys the impression that the defendant is a credit reporting agency. After the defendant answered Combs' complaint, the district court ordered the parties to submit caselaw pertaining to the allegations set forth in the complaint. The parties did so, after which the court held a status hearing. At the hearing, the court concluded that the communications conveyed in the notice did not violate the FDCPA; to the contrary, the court found the notice to be "really a moderate communication." Accordingly, the court sua sponte dismissed the action for failure to state a claim.
 
 
 6
 Combs argues on appeal that the district court improperly concluded, as a matter of law, that the defendant's letter did not violate the FDCPA. We review de novo the district court's dismissal of Combs' complaint for failure to state a claim. Jang v. A.M. Miller & Assoc., 122 F.3d 480, 482-83 (7 th Cir.1997). Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Among the standards enacted to prevent such abuse is the requirement that debt collectors abstain from engaging in "false or misleading representations," including threatening "to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); using "any false representation or deceptive means to collect or attempt to collect any debt;" 15 U.S.C. § 1692e(10); and falsely "represent[ing] or implicat[ing] that a debt collector operates or is employed by a consumer reporting agency." 15 U.S.C. § 1692e(16). In evaluating whether a debt collection practice made false or misleading representations, this court views the suspect communications "through the eyes of an unsophisticated consumer." Jang, 122 F.3d at 483. The "unsophisticated consumer" is a "hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1257 (7 th Cir.1994). This standard recognizes a consumer who is "uninformed, naive, or trusting, yet it admits an objective element of reasonableness." Id.
 
 
 7
 Turning first to § 1692e(5), courts have found that for a collection notice impermissibly to threaten legal action, it must falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." Jenkins v. Union Corp., 999 F.Supp. 1120, 1136 (N.D.Ill., 1998). Even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." Id. For instance, the Second Circuit in Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 24-26 (2d Cir.1989), construed the following language as impliedly threatening current or imminent legal action: "Notice is Hereby Given That This Item Has Already Been Referred For Collection Action," "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment in Full," and "Pay This Amount if Action Is To Be Stopped." Similarly, a notice stating "[Your creditor] ha[s] instructed us to proceed with whatever legal means is necessary to enforce collection," implied that legal proceedings were underway when, in fact, that was not the case. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir.1993).
 
 
 8
 Courts have found violations of § 1692e(10) where notices falsely represent "that unpaid debts would be referred to an attorney for immediate legal action." United States v. National Financial Services, Inc., 98 F.3d 131, 138 (4 th Cir.1996). In National Financial Services, Inc., 98 F.3d at 136, the court concluded that the language "[y]our account will be transferred to an attorney if it is unpaid after the deadline date" and "[r]emember your attorney will also want to be paid" violated § 1692e(10) because it conveyed an impression that the debtor needed a lawyer to defend himself against a lawsuit.
 
 
 9
 In this case, the collection notice warns: "[t]his is your opportunity to resolve this matter amicably," and "[w]e advise you to consult with your attorney regarding your liability." The district court interpreted these statements as simply "moderate communications" that make neither express nor implied threats of current or imminent litigation, and we agree. Applying the objective standard of an unsophisticated debtor, we fail to see how the words contained in the notice imply that litigation has been, or will be, initiated. The cases cited by Combs in support of her position do not alter this conclusion as they all contain language stronger than is at issue here.
 
 
 10
 Nor do we find that the defendant's name--Direct Market Credit Services, Inc.--violates the FDCPA. Although Combs cites a non-binding Federal Trade Commission ("FTC") commentary indicating that only a true consumer reporting agency (which the defendant apparently is not) may use such names as "Credit Bureau," "Credit Bureau Collection Agency," "General Credit Control," "Credit Bureau Rating, Inc.," or "National Debtor's Rating," see FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097 (Dec. 13, 1988), we do not believe that this commentary demonstrates, as a matter of law, an FDCPA violation on the defendant's part. First, the defendant's name does not incorporate any of the terms specifically mentioned in the FTC commentary. Second, as noted by the defendant in Appendix A of its brief, the FTC informally approved the name "Capital Credit Services, Inc." in response to an inquiry by that company regarding the legality of its name. Third, the parties have not cited any relevant caselaw, and we are aware of none, otherwise indicating a violation of the FDCPA. Accordingly, we cannot conclude that the defendant's name could trick an unsophisticated consumer into believing that the defendant is a credit reporting agency.
 
 
 11
 For the foregoing reasons, the ruling of the district court is AFFIRMED.