**Anthony GRAZIANO, Appellant,**

v.

**Michael HARRISON, Appellee.**

**No. 91–5082.**

United States Court of Appeals, Third Circuit.

Argued June 25, 1991.

Decided Nov. 29, 1991.

O. Randolph Bragg (argued), UAW Legal Services Plan, Newark, Del., Alberta T. Foster, UAW Legal Services Plan, Woodbridge, N.J., for appellant.

Michael Harrison (argued), Harlan L. Schlossberg, Harrison & Schlossberg, Cedar Knolls, N.J., for appellee.

Before MANSMANN and SCIRICA, Circuit Judges, and POLLAK, District Judge.*

OPINION OF THE COURT

LOUIS H. POLLAK, District Judge.

This is a case under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o ("the Act"). Appellant Anthony Graziano, plaintiff in the district court, claimed that the debt collection efforts of appellee Mi-

chael Harrison, defendant, violated the Act in several respects. The parties filed cross motions for summary judgment; the district court granted summary judgment for Graziano on one count, granted summary judgment for Harrison on the remaining counts, awarded nominal statutory damages of $50, and denied Graziano's application for attorney's fees. 763 F.Supp. 1269. Graziano claims that the district court erred in failing to find more than one violation of the Act, in determining damages, and in denying attorney's fees.

I. FACTUAL HISTORY

Harrison, an attorney who maintains a debt collection practice, sent notice of a delinquent debt to Graziano. That notice stated the name of the creditor and the amount of the unpaid debt ($80.00). It also threatened legal action within ten days unless the debt was resolved in that time. At the bottom of the page appeared the phrase "See reverse side for information regarding your legal rights!" The statement on the reverse purported to inform Graziano of his rights under the Act. The statement informed Graziano that unless he disputed the debt in writing within thirty days, the debt would be assumed valid. It also informed Graziano that, upon receiving written notice of a dispute, Harrison would provide verification of the debt. There is no dispute that the statement of rights was printed in a manner sufficient to bring it to Graziano's attention.

Upon receipt of the notice, Graziano retained an attorney, who, on Graziano's behalf, requested verification of the debt. The verification furnished by Harrison listed a date different from that on the original notice, and described the services provided as "E.R. Extended Service." At the same time, Harrison discovered that Graziano owed an additional debt of $35 for services provided on another date; a bill and computer printout for this debt were enclosed with the verification of the first debt. Graziano's attorney requested clari-

* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylva-nia, sitting by designation.

fication, but apparently none was forthcoming.

Harrison later sent two additional notices of two additional debts to Graziano (the debts amounted to $22.56 and $20). These notices were sent directly to Graziano, and not to the attorney whom Graziano had retained to handle the first debt.

## II. PROCEDURAL HISTORY

Graziano filed a complaint alleging several violations of the Fair Debt Collection Practices Act, and seeking compensatory damages for costs incurred and for emotional distress, statutory damages of $1000 per violation, and attorney's fees. Graziano claimed that Harrison's conduct contravened the Act in the following ways: (1) the requirement that plaintiff dispute the debt in writing violated subsection (a)(3) of 15 U.S.C. § 1692g;[1] (2) the threat to sue within ten days, contained in the same communication that set forth the statutory notice mandated by section 1692g, allowing Graziano thirty days to dispute the debt, effectively eviscerated the statutory notice; (3) the threat to sue within ten days represented a threat to take action that legally could not be taken or that was not intended to be taken in violation of section 1692e(5);[2] (4) the materials Harrison sent to Graziano were not adequate to verify the debt under section 1692g; (5) Harrison, in contravention of section 1692c(a), communicated directly with Graziano at a time when Harrison knew that Graziano was represented by counsel.[3]

Harrison moved for summary judgment, asserting that the record revealed no violations of the Act. Graziano filed a cross-motion for partial summary judgment as-

---

**1.** Section 1692g reads as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**2.** Section 1692e(5) reads as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

**3.** Sub-section (a)(2) of Section 1692c reads as follows:

(a) Communication with the consumer generally—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

. . . . .

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

serting that the undisputed facts established several violations. The district court granted summary judgment for Harrison on all of Graziano's claims, with one exception. The court, finding that Harrison had made a threat that he could not legally or did not intend to carry out under section 1692e(5), granted summary judgment for Graziano on that one count. The court awarded fifty dollars in statutory damages, but declined to award attorney's fees.

On appeal, Graziano argues that the district court erred in failing to find more than one violation of the Act. He also contends that the court misinterpreted the proper measure of statutory damages, and that the court erred in refusing to award attorney's fees.

## III. ISSUES

### A. Demand for Payment Within Ten Days

Graziano argues that Harrison's demand for payment within ten days, when read in conjunction with the statutory notice that Graziano had thirty days within which to dispute the debt, constituted a breach of section 1692g.[4] The district court was of the view that Harrison's inclusion of these inconsistent recitals violated section 1692e(10), which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and, by way of illustration, specifies, *inter alia*, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The district court determined, however, that this violation was without consequence, because Graziano had not alleged a violation of section 1692e(10). The court went on to grant summary judgment to Harrison on the count alleging a violation of section 1692g, reasoning that, regardless of the

inclusion of the demand for payment within ten days, the text of the statutory notice was adequate to advise Graziano of his rights under that section.

■■■ We agree with the district court that there was a violation of section 1692e(10). We feel, however, that the juxtaposition of two inconsistent statements also rendered the statutory notice invalid under section 1692g. Statutory notice under the Act is to be interpreted from the perspective of the "least sophisticated debtor."[5] *Baker v. G. C. Servs.*, 677 F.2d 775, 778 (9th Cir.1982). To comply with the terms of the Act, statutory notice must not only explicate a debtor's rights; it must do so effectively. Thus, for example, the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. *See Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir.1988). More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector. There is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days. *See id.* at 1225–26. A notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor. We conclude that the statutory notice provided by Harrison failed to meet the terms of section 1692g.

### B. The Writing Requirement

■■■ According to section 1692g(a)(3), a debt collection notice submitted under the Act must include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

---

**4.** *See supra* note 1.

**5.** In using the term "debtor" here and elsewhere in this opinion, we do not mean to imply a legal conclusion that Graziano was responsible for the debts that Harrison attempted to collect. The Act, rather than using the term "debtor," ■■■

describes an individual in Graziano's position as a "consumer;" perhaps, therefore, a more appropriate phrase in this instance would be, "least sophisticated consumer." By using the phrase "least sophisticated debtor," however, we follow the usage in the reported case law.

will be assumed to be valid by the debt collector." This statutory language does not expressly require that a debtor's dispute be in writing.

Graziano argues that, because the notice that Harrison sent to him required that any dispute of the debt be in writing, the notice failed to comply with the terms of section 1692g(a)(3). He notes that three courts that have addressed the issue have concluded that, under section 1692g(a)(3), a debtor may dispute a debt, with the consequence that the debt collector may not presume the debt to be valid, without submitting the dispute in writing. *See Bailey v. TRW Receivables Mgmt. Servs., Inc.*, Civ. No. 90–192, Order at 5–6 (D.Haw. Aug. 16, 1990); *Young v. Credit Bureau of Lockport*, Civ. No. 86–1121, Memorandum and Order at 3–4, 1989 WL 79054 (W.D.N.Y. July 14, 1989); *Harvey v. United Adjusters*, 509 F.Supp. 1218, 1221 (D.Or.1981).

Harrison counters that, while section 1692g(a)(3) does not itself require that a dispute be in writing, the following two provisions of the Act—section 1692g(a)(4), which allows the debtor to obtain from the debt collector verification of the debt,[6] and section 1692g(a)(5), which allows the debtor to obtain the name and address of the original creditor[7]—expressly provide that the debtor communicate with the debt collector in writing. He argues that the requirement of a writing in subsections (a)(4) and (a)(5) of section 1692g reveals a congressional intent that disputes be in writing.

The opinions relied on by Graziano have reasoned that the statutory scheme teaches a different lesson. Since subsections (a)(4) and (a)(5) expressly call for written communications, the absence of such a requirement in subsection (a)(3) is strong evidence—so the opinions argue—that Congress advertently omitted an analogous requirement in subsection (a)(3). *See Bailey* at 5; *Young* at 3. Nevertheless, we are of the view that, given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing.

Subsection (a)(3) states that unless the debtor disputes the debt within thirty days of receipt of notice, the debt collector will assume the debt to be valid.[8] Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification.[9] Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor.[10] Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt.[11] Adopting Graziano's reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system. We also note that there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts. We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing. The district court was not in error in determining that the requirement of a writing did not render the statutory notice invalid.

## C. Verification

◼ Graziano argues that Harrison failed to provide adequate verification of the debts that Harrison sought to collect.

---

6. *See supra* note 1.

7. *See supra* note 1.

8. *See supra* note 1.

9. *See supra* note 1.

10. *See supra* note 1.

11. *See supra* note 1.

The district court concluded that the materials provided to Graziano were sufficient to verify the debts. We agree with the district court. The computer printouts provided to Graziano were sufficient to inform him of the amounts of his debts, the services provided, and the dates on which the debts were incurred. Summary judgment was appropriate for Harrison on this issue.

### D. Communication Between Harrison and Graziano

■ After Graziano had retained counsel for the purpose of helping him to dispute the initial debt that Harrison tried to collect, Harrison communicated directly with Graziano concerning two additional debts. Graziano argues that this conduct violated section 1692c(a)(2), which prohibits a debt collector from communicating directly with a debtor who is represented by counsel.[12] However, on the record before the district court, there was no basis for a finding that Harrison breached the statutory mandate. Section 1692c(a)(2) precludes communication by a debt collector with a debtor where the debt collector knows that the debtor is represented by counsel "with respect to such debt." At the time Harrison communicated with Graziano concerning the two additional debts, Harrison had not been informed that Graziano was represented by counsel with respect to those debts. The district court's grant of summary judgment on this claim was proper.

### E. Damages

■ We have concluded that, on the undisputed facts, Graziano has demonstrated two violations of the Act: the threat to take legal action within ten days represented an action that legally could not be taken or that was not intended to be taken in violation of section 1692e(5), and also rendered the statutory notice invalid under section 1692g. Because the district court premised its award of nominal statutory damages on its conclusion that Graziano had demonstrated only one violation of the Act, we vacate the damages award and remand for reconsideration in accordance with the standards set forth in section 1692k(b)(1).

### F. Attorney's Fees

Section 1692k(a)(3) allows a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." The district court declined to award an attorney's fee, stating that Graziano "does not appear to have been subjected to any egregious conduct which calls for a special, discretionary remedy." 763 F.Supp. at 1282. Because we have determined that Graziano has demonstrated two violations of the Act, rather than the one identified by the district court, we vacate the denial of attorney's fees and remand for reconsideration.

■ In so remanding, we think it may be helpful to address the standards to be applied in determining an appropriate attorney's fee. Section 1692k(a) sets forth the three standard components of liability for violations of the Act: it states that a debt collector who violates the act "is liable" for actual damages, statutory damages as determined by the court, and a reasonable attorney's fee. Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *See DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir.1990). Indeed, several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted. *See Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir.1989); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir.1989); *cf. DeJesus*, 918 F.2d at 233–34 (construing the parallel provision of the Truth in Lending Act to mandate a fee award to a prevailing plaintiff).

■ The conclusion that an award of attorney's fees is mandated is further supported by section 1692k(b). That section specifies that, in determining the amount of statutory damages to be awarded, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the

---

12. *See supra* note 3.

nature of such noncompliance, and the extent to which such noncompliance was intentional." Cases interpreting this section have made clear that in the instance of a single, trivial, and unintentional violation of the Act, it is within the court's discretion to decline to award statutory damages at all. *See, e.g., Pipiles,* 886 F.2d at 28; *Emanuel,* 870 F.2d at 809. However, section 1692k contains no parallel language directing the court to consider particular factors in determining a reasonable attorney's fee. In light of the explicit listing of factors to be considered in the award of statutory damages, and the absence of such a list for attorney's fees, we think it inappropriate to read such factors into the word "reasonable" in section 1692k(a)(3).

 We conclude that, in a typical case under the Act, the court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees. *See Texas State Teachers Assoc. v. Garland Indep. School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart,* 461 U.S. 424, 433–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983). Among the factors the court may consider in determining the appropriate amount of the fee is the degree of success obtained by the prevailing plaintiff; if the plaintiff has only partial or limited success, a reduction in the award of attorney's fees may be appropriate. *See Hensley,* 461 U.S. at 434–37, 103 S.Ct. at 1939–41. The court should also assess the reasonableness of the hours expended by counsel for the prevailing party. *See Id.* at 433–34, 103 S.Ct. at 1939–40. Only in unusual circumstances, however, may the court decline to award a fee; in such circumstances, it should formulate particularized findings of fact and conclusions of law explaining its decision.[13] *See DeJesus,* 918 F.2d at 234 & n. 4.

## IV. CONCLUSION

The district court, having found that Harrison breached Graziano's rights under

section 1692e(5), granted summary judgment in Graziano's favor on that single claim and granted summary judgment in Harrison's favor on the balance of Graziano's substantive claims. We have concluded that, because the statutory notice contained in the communication to Graziano was invalid, Graziano was also entitled to summary judgment on a second claim, one arising under section 1692g. We have also concluded that, in view of the fact that Graziano was entitled to summary judgment on two of his claims rather than one, the district court should be given the opportunity to reconsider its rulings on damages and attorney's fees. Accordingly, we will (1) reverse the judgment of the district court with respect to the grant of summary judgment dismissing Graziano's claim that the statutory notice was invalid under 1692g, (2) vacate with respect to the rulings on damages and an attorney's fee, and (3) affirm in all other respects. The cause is remanded for reconsideration of the damages and attorney's fee issues.

---

13. The presence of bad faith conduct on the part of a plaintiff would surely be an unusual circumstance justifying a denial of an attorney's fee. *See DeJesus,* 918 F.2d at 234 n. 4. Inability of a losing party to pay the attorney's fee is not a relevant consideration, however. *See Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177, 180 (3rd Cir.1983).