Donja SEAWELL, on behalf of herself and all others similarly situated, Plaintiffs,

v.

UNIVERSAL FIDELITY CORPORATION, Defendant.

No. Civ.A. 05–479.

United States District Court, E.D. Pennsylvania.

March 6, 2006.

in the form of the letter attached as Exhibit A to the Class Action Complaint ('Letter') in an attempt to collect a non-business debt, which letter was not returned as undeliverable by the Postal Service. Excluded from the Class are all officers and directors of the Defendant."

James A. Francis, John Soumilas, Mark D. Mailman, Francis & Mailman, PC, Philadelphia, PA, for Plaintiffs.

Norman W. Briggs, Frey, Petrakis, Deeb, Blum, Briggs & Mitts, Philadelphia, PA, for Defendant.

### MEMORANDUM/ORDER

POLLAK, District Judge.

Plaintiff Donja Seawell ("Seawell") has moved for certification of a class pursuant to Federal Rule of Civil Procedure 23 in this FDCPA case. For the reasons given in the discussion to follow, Seawell's motion will be granted.

### I.

This litigation arises from defendant Universal Fidelity Corporation's ("Universal") alleged mailing of form debt collection letters to Seawell and other putative class members. Seawell alleges she received a letter from Universal that contained the following heading, in large font, in the letterhead: "Administrative Office Record of Notification." Next to these words was an image of the American flag. Seawell maintains that a similar form letter was sent to hundreds of other consumers. Seawell claims the letterhead used in this form letter suggests to recipients that the letter was sent by an arm of the United States government, and, as such, the letter violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Seawell intends to pursue the instant action on behalf of herself and all others similarly situated—that is, as a class action. Seawell's proposed class is defined as "all persons in the United States to whom, during one year prior to the filing of the Class Action Complaint, Defendant sent a letter or other communications substantially

### II.

In order to qualify for class certification, a class representative must first show that her case satisfies all four prerequisites of Rule 23(a). The Rule 23(a) prerequisites are: 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class.

■ One of the primary disputed issues in the parties' submissions is whether Seawell has adequately demonstrated numerosity, as required by Rule 23(a)(1). Universal has asserted that numerosity is impossible to show in this case, as Universal does not maintain records of how many letters it sends on a particular letterhead. However, attached to Seawell's most recent submission is a letter from Universal's counsel, accompanied by a confirmed computer printout, indicating that the letter sent to Seawell was one of 321 letters of the same form produced by Universal in a single day. Furthermore, deposition testimony indicates that Universal uses a single type of letterhead for letters of the same form. Seawell thus contends that the class contains at least 321 confirmed members, easily satisfying the numerosity requirement. Universal points out that its stock of a particular letterhead sometimes runs out in the middle of a large print job of form letters, and the rest of the letters are therefore printed on different letterhead. Thus, contends Universal, it is impossible to tell whether all letters of a particular form, even if printed on the same day, were printed on the "Administrative Office" letterhead. This observation does not help Universal's cause, as deposition testimony also indicates that Universal purchased at least one box

containing 2500 pages of "Administrative Office" letterhead. Thus, either all 321 letters printed on the same day as Seawell's were on "Administrative Office" letterhead, or Universal exhausted its stock of "Administrative Office" letterhead that day, meaning Universal had sent out at least 2500 letters on that letterhead previously. Seawell has thus shown a strong probability that Universal sent at least 321 letters on the "Administrative Office" letterhead, and I find this showing adequate to satisfy Rule 23(a)(1). *See Tenuto v. Transworld Systems, Inc.,* 2000 WL 1470213 (E.D.Pa. Sept.29, 2000) ("Classes of more than a hundred persons are generally sufficient to satisfy the numerosity requirement.").

■ Universal also contends that Seawell has failed to demonstrate commonality and typicality, as required by Rule 23(a)(2) and (3). However, Universal's only argument in support of this contention is that Seawell's failure to demonstrate numerosity automatically prevents her from showing commonality and typicality. As I have rejected Universal's argument with respect to numerosity, its argument against commonality and typicality also fails. It is clear that these requirements are met in this case. In order to demonstrate commonality, a class representative need only show that her claims share at least one question of law or fact with those of the prospective class. *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir.1994). In order to demonstrate typicality, a class representative must show "that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees." *Id.* at 57. Typicality is usually present in "cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class...." *Id.* at 58. In this case, the putative class consists of persons who received from Universal the same form letter on the same letterhead. It is the use of that letterhead that gives rise to the sole claim in this case. In order to prevail on her FDCPA claim, Seawell must show that the letter was deceptive from the perspective of the least sophisticated consumer. *See Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991). This is the same showing any member of the class would have to make in order to prevail on an FDCPA claim based on the letter from Universal. I conclude that Rule 23(a)'s requirements of commonality and typicality are met. *Compare Tenuto,* 2000 WL 1470213; *Piper v. Portnoff Law Assoc.,* 215 F.R.D. 495 (E.D.Pa.2003); *Wilborn v. Dun & Bradstreet Corp.,* 180 F.R.D. 347 (N.D.Ill. 1998).

The final Rule 23(a) requirement is that the class representative must adequately represent the class. The Third Circuit applies a two-prong test to determine the adequacy of a proposed class representative. The first prong of the test inquires into the "qualifications of counsel to represent the class," and the second prong "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Prudential Ins. Co. of America Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998). Proposed class counsel in this case have submitted biographies as well as an extensive list of cases in which they have served as class counsel. Universal does not challenge their qualifications, and I find no reason to doubt that they are competent to prosecute this action on behalf of the class. Universal has challenged Seawell's fitness as a class representative, urging that Seawell lacks credibility. However, the two-prong test mentioned above invites inquiry into potential conflicts of interest between a class representative and other class members, not an inquiry into the credibility of the class representative. Universal cites no case in which the court applied the Third Circuit's test and inquired into the credibility of the class representative in connection with the Rule 23(a) adequacy of representation requirement. Moreover, it is not clear that there is much potential for Seawell's credibility to become an issue at all in this case, as the FDCPA only requires her to show that the Universal letter is deceptive from the perspective of the least sophisticated consumer; she need not show that she was deceived, that she relied on the letter, or anything else about herself. *See Graziano,* 950 F.2d at 111. I therefore decline Universal's invitation to examine Seawell's credibility in deciding this class certification motion. Universal also contends Seawell is inade-

quate as a class representative because she has not suffered any actual damages. Universal suggests that, because Seawell is limited to statutory damages, she may not vigorously represent the interests of class members who have suffered actual damages. This argument fails, as Seawell has claimed actual damages in her complaint, and now is not the time to inquire into the merits of the case. *See Piper*, 215 F.R.D. at 499. On the record properly before me, I find no reason to believe that any conflict exists between Seawell and the putative class members, and I therefore deem her an adequate class representative.

Seawell has demonstrated compliance with each of the Rule 23(a) prerequisites for class certification.

### III.

In addition to satisfying each of the prerequisites in Rule 23(a), a class representative must show that the action falls into at least one of the three categories provided in Rule 23(b). Seawell urges certification of this action under both Rule 23(b)(2) and Rule 23(b)(3). Rule 23(b)(2) permits certification of a class when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) permits certification when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Universal offers no argument against certification under Rule 23(b)(2), and this court sees no reason not to certify the action as requested under that subsection. Rule 23(b)(2) is "almost automatically satisfied in actions primarily seeking injunctive relief." *Baby Neal*, 43 F.3d at 58. Seawell's complaint does not primarily seek injunctive relief, but Seawell seeks certification separately, under 23(b)(3), for purposes of the damages component of her claim. Thus, the portion of the case for which she re-

quests 23(b)(2) certification seeks exclusively injunctive/declaratory relief. The Third Circuit instructs that, in order for certification to be appropriate, "the relief sought by the named plaintiffs should benefit the entire class." *Id.* at 59. Seawell's complaint requests that "an order be entered enjoining Defendant from continuing to communicate with Plaintiff and members of the Class in violation of the FDCPA." Such relief would obviously benefit the entire class, and certification of the action under Rule 23(b)(2) for purposes of its injunctive/declaratory prayers for relief is therefore warranted.

■ Universal opposes Seawell's request for certification under Rule 23(b)(3). Universal points out that the letter Seawell challenges in this case was sent to her only after at least three other communications from Universal. Thus, contends Universal, it is most unlikely Seawell was actually deceived by the challenged letter. More importantly for the Rule 23(b)(3) analysis, Universal suggests that, in order to adjudicate the FDCPA claim in this case, the court will have to conduct an individualized inquiry into how many letters the other class members received from Universal before the allegedly offending letter. Thus, concludes Universal, individual issues predominate over common issues in this case. I disagree. As mentioned previously, the law of the Third Circuit requires an FDCPA plaintiff to prove that the offending debt collection practice was deceptive from the perspective of the least sophisticated consumer. *See Graziano*, 950 F.2d at 111. A plaintiff is thus not required to show that she herself was deceived. Universal's argument about the need for individual proofs of each class member's reaction to the letter is therefore misplaced. The primary question presented by the sole claim in this case—whether the "Administrative Office" letter would deceive the least sophisticated consumer—is common to all class members' claims. It is true that damages may have to be calculated individually, but this is almost always the case in class actions, and this fact certainly does not preclude class certification. *See Peil v. Nat'l Semiconductor Corp.*, 86 F.R.D. 357, 372–73

(E.D.Pa.1980). I find the common issue in this case predominant over any individual issues.

It remains to be determined whether a class action is the superior vehicle for adjudicating the claims of Seawell and the other putative class members. I find that it is. Damages in an FDCPA case such as this are typically so small (statutory damages are limited to $1,000) that litigation of a single claim is, as a general matter, hardly worth the cost and effort of litigation. Neither party points to other litigation that has been commenced to challenge Universal's "Administrative Office" letters. Neither party suggests that there might be some disadvantage in concentrating this litigation in this forum; in the absence of such an objection, it would appear beneficial to adjudicate similar claims in the same forum so as to avoid inconsistent results and duplicative expenditure of judicial resources. Neither party suggests that this case presents any particular difficulty in case management. Given the above, I find that a class action is the best form in which to adjudicate the claims of Seawell and the remainder of the putative class.

I therefore conclude that Rule 23(b)(3) certification of this action for purposes of its prayers for damages relief is appropriate.

### IV.

For the foregoing reasons, it is hereby ORDERED that "Plaintiff's Motion for Class Certification" (Docket # 7) is GRANTED. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23. For purposes of injunctive relief, the class is certified under Rule 23(b)(2), and for purposes of damages relief, the class is certified under Rule 23(b)(3). It is further ORDERED that the class be defined as follows: "All persons in the United States to whom, during one year prior to the filing of the Class Action Complaint, Defendant sent a letter or other communications substantially in the form of the letter attached as Exhibit A to the Class Action Complaint ('Letter') in an attempt to collect a non-business debt, which letter was not returned as undeliverable by the Postal Service. Excluded from the Class are all offi-

cers and directors of the Defendant." It is further ORDERED that plaintiff Donja Seawell is certified as class representative, and James A. Francis, John Soumilas, and the law firm of Francis & Mailman, P.C. shall serve as class counsel. It is further ORDERED that plaintiff shall submit to Chief Magistrate Judge Angell a proposed form of notice to the class within thirty (30) days of entry of this order.