**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1857
———————

NAVA LANIADO,

Appellant

v.

CERTIFIED CREDIT & COLLECTION BUREAU
———————

———————

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  3-14-cv-02798)
District Judge:  Honorable Peter G. Sheridan

———————

Submitted under Third Circuit LAR 34.1(a)
on November 10, 2015

(Opinion filed:  January 15, 2016)

Before:  CHAGARES, SHWARTZ and RENDELL, <u>Circuit Judges</u>

## O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Nava Laniado brought this action alleging that Certified Credit and Collection Bureau ("Certified Credit") violated the Fair Debt Collection Practices Act ("FDCPA"). For support, she relied heavily on *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013), a case that seems very relevant here. Yet the District Court granted Certified Credit's motion to dismiss without addressing this case. We will therefore vacate the District Court's order and remand for it to consider *Caprio*.

This FDCPA action arose from Certified Credit's written efforts to collect a debt from Laniado that she allegedly owed to a medical provider. Laniado alleges that, in violation of the FDCPA, Certified Credit sent her a debt collection letter containing language that overshadowed or contradicted the statutorily required "validation notice."

Under 15 U.S.C. § 1692g(a) of the FDCPA, when a debt collector attempts to collect a debt, it must send the consumer a letter containing a validation notice, which is a notice that comprises "statements that inform the consumer how to obtain verification of the debt and that [she] has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Specifically, in this notice, the debt collector must inform the consumer that it will assume the debt's validity unless the consumer disputes

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

that validity within thirty days; that if the consumer disputes the debt in writing within the thirty-day period, it will obtain and then mail verification of the debt to the consumer; and that, upon the consumer's written request within the thirty-day period, it will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(3)–(5). To be effective, a consumer's dispute of a debt in response to the validation notice must be "in writing." *Id.* § 1692g(b); *see also Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

The validation notice must "be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354. Our case law indicates that this means that the notice cannot be "overshadowed or contradicted" by other messages or notices sent to the consumer from the debt collector. *Graziano*, 950 F.2d at 111. This can occur when some other message or notice from the debt collector would make "the least sophisticated consumer uncertain as to her rights." *Wilson*, 225 F.3d at 354 (citation and quotation marks omitted).[1]

In *Caprio*, for example, we held that a debt collector's validation notice was overshadowed or contradicted by a message set out in another section of the letter. There, the debt collector sent the consumer a letter that conveyed the validation notice on the back of the letter. As required, the notice informed the consumer of his right to dispute the debt's validity "in writing." *Caprio*, 709 F.3d at 146. But on the front of the letter, the debt collector stated that if the consumer felt that he did not owe this amount, "**please**

---

[1] The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor," *Wilson*, 225 F.3d at 354 (internal quotation marks omitted), but it "does not go so far as to provide solace to the willfully blind or non-observant," *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

**call** us toll free at **800-984-9115** or write us at the above address." *Id.* at 145. In addition to listing the phone number in bold here, the debt collector listed the number at the top of the letter and in larger font than the mailing address. Given the letter's substance and form, we concluded that the least sophisticated debtor likely "would take the easier—but legally ineffective—alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute." *Id.* at 152. In short, we held that the validation notice "was overshadowed and contradicted because the least sophisticated debtor would be uncertain as to her rights." *Id.* (citation and quotation marks omitted).

Laniado contends that *Caprio* controls her case and compels the conclusion that Certified Credit violated the FDCPA. In February 2014, Certified Credit sent Laniado a debt collection letter that conveyed the validation notice. But within the thirty-day validation period, it sent her another letter that stated: "THE ABOVE ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION. SETTLEMENT IS EXPECTED TO BE MADE WITH THIS OFFICE. KINDLY REMIT PAYMENT IN FULL. SHOULD THERE BE ANY DISCREPANCY PLEASE CALL TOLL FREE 800-253-2920 OR FOR OUR 24 HOUR AUTOMATED CUSTOMER SERVICE CALL 800-354-4744." (App. 63) She argues that this language is analogous to the "please call" language in *Caprio*.

The *Caprio* case was extensively presented to the District Court. Indeed, Laniado cited it in her complaint and referred to it at oral argument on Certified Credit's motion to dismiss. And Certified Credit sought to distinguish the case in its motion and during oral

4

argument. In fact, at oral argument, Certified Credit focused almost exclusively on *Caprio*.

Nevertheless, the District Court granted Certified Credit's motion to dismiss, issuing a ruling from the bench in which it never even referenced *Caprio*. As a result, we cannot discern its views as to how, if at all, *Caprio* affects Laniado's claims, and so we will vacate its order dismissing the complaint and remand so that it can specifically consider *Caprio*.