**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 16-4086

———————————

ALEXANDRA JEWSEVSKYJ, ON BEHALF OF HERSELF
AND ALL OTHERS SIMILARLY SITUATED,
*Appellant*

v.

FINANCIAL RECOVERY SERVICES, INC.;
LVNV FUNDING, LLC;
RESURGENT CAPITAL SERVICES, L.P.;
ALEGIS GROUP, LLC

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-03041)
District Judge: Hon. Joel H. Slomsky

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2017

———————————

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, <u>Circuit Judges</u>.

(Opinion Filed:  July 14, 2017)

———————————

OPINION[*]

———————————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Alexandra Jewsevskyj brought a putative class action against Financial Recovery Services, Inc. ("FRS"), LVNV Funding, Inc., Resurgent Capital Services, L.P., and Alegis Group, LLC (collectively, "Defendants"), claiming that FRS did not provide Jewsevskyj adequate notice of her right to contest an alleged consumer debt, as required by § 1692g of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g. Jewsevskyj appeals the District Court's order granting summary judgment in favor of Defendants, in which the Court concluded that a letter sent by FRS satisfied the statutory notice requirements. Although the letter is printed in a small typeface and the words and spacing are compressed, the language is clear and effectively conveyed to Jewsevskyj her § 1692g rights. Therefore, we will affirm.[1]

I

LVNV Funding is a corporation that purchases portfolios of consumer debt from various creditors and hires debt collection agencies to recover the moneys owed. FRS is one such debt collection agency.[2] FRS sent a letter to Jewsevskyj advising her that LVNV Funding purchased a debt she owed in the amount of $1,128. The body of the letter is typed in all uppercase letters, in Times New Roman style, and in 8-point font.[3]

---

[1] Jewsevskyj alleges that LVNV Funding, Inc., Resurgent Capital Services, L.P., and Alegis Group, LLC are all vicariously liable for the conduct of FRS. Because the District Court concluded that FRS had not violated the FDCPA, the District Court did not rule on the potential vicarious liability of the other defendants and we need not reach this issue.

[2] Defendants do not contest the District Court's finding that FRS is a "debt collector" covered by the FDCPA. See 15 U.S.C. § 1692a(6).

[3] We take judicial notice of the font, size, style, and spacing of the text based on a review of an electronic copy of the letter. See Fed. R. Evid. 201(f) advisory committee's note to 1972 proposed rules ("[J]udicial notice may be taken at any stage of the

There is minimal spacing between the lines in each of the three full paragraphs on the front page and thus the text is compressed. The second paragraph of the letter contains what is commonly referred to as the "validation notice," which describes a mechanism for Jewsevskyj to contest the debt.[4]

Jewsevskyj filed a class action complaint, alleging that this validation notice was not sufficiently prominent or readable to satisfy the statutory notice requirements of § 1692g. After discovery, the parties filed cross-motions for summary judgment. The District Court granted Defendants' motion and denied Jewsevskyj's, finding that, from the perspective of the "least sophisticated debtor," the validation notice was not

---

proceedings, whether in the trial court or on appeal."); cf. Kraft Foods Holdings, Inc. v. Helm, 205 F. Supp. 2d 942, 949 (N.D. Ill. 2002) (taking judicial notice of the fact that an "inverted 'a'" appeared only once in a party's exhibits).

[4] Below is the text of the validation notice, set forth in Times New Roman 13-point font, with single spacing, rather than the compressed format used in the letter:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THE OPPORTUNITES LISTED ABOVE DO NOT AFFECT YOUR RIGHTS DESCRIBED BELOW.

Appellant Br. 29; App. 19.

overshadowed by other aspects of the letter and was sufficiently prominent to put

Jewsevskyj on notice of her right to contest the debt.  Jewsevskyj appeals.

II[5]

Congress passed the FDCPA to "eliminate abusive debt collection practices by

debt collectors."  15 U.S.C. § 1692(e); see also id. § 1692(a) ("There is abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors."); Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  One

way the FDCPA accomplishes this goal is by requiring that debt collectors provide

certain information to consumers about their rights and obligations, including their right

to seek information about and dispute a debt.  See  § 1692g.  Congress specifically

provided a means by which a consumer can obtain information about a debt through the

debt validation provisions of § 1692g.  Caprio v. Healthcare Revenue Recovery Grp.,

LLC, 709 F.3d 142, 148 (3d Cir. 2013).  Under § 1692g, a consumer must be told that he

or she may dispute a debt and that the debt collector will provide the consumer with

---

[5] The District Court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's grant of summary judgment is plenary.  Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013).  We apply the same standard as the District Court, viewing facts and making all reasonable inferences in the non-movant's favor.  Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if a reasonable trier-of-fact could find in favor of the non-movant.  A dispute is material if it could affect the outcome of the case."  Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 300 (3d Cir. 2012) (citation omitted).  The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

documents that verify the existence of the debt, list the amount of the debt, and identify the creditor.[6]

To comply with § 1692g, more is required than merely reciting the words of the statutory debt validation notice provisions in the debt collection letter.  Wilson, 225 F.3d at 354.  "[T]he required notice must also be conveyed effectively to the debtor."  Id. Whether the validation notice is effectively conveyed to the debtor is evaluated "from the perspective of the 'least sophisticated debtor.'"  Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991).  The fundamental purpose of this standard is to ensure that the statute

---

[6] Section 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

"protects all consumers, the gullible as well as the shrewd." Caprio, 709 F.3d at 149. The least sophisticated debtor standard is therefore "less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 298 (3d Cir. 2008). Nevertheless, "the standard does not go so far as to provide solace to the willfully blind or non-observant," and so "the least sophisticated debtor is bound to read collection notices in their entirety." Id. at 299.

Though the debtor is expected to read the collection letter, reviewing the validation notice must not be a struggle: instead, it "must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed" by the least sophisticated debtor. Graziano, 950 F.2d at 111; see also Wilson, 225 F.3d at 355. Moreover, "the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." Graziano, 950 F.2d at 111. A communication overshadows the validation notice when other language and/or physical characteristics of the letter feature more prominently than does the notice. See Wilson, 225 F.3d at 356. A communication contradicts the validation notice when it provides information inconsistent with the consumer's right to dispute the debt. See id. "[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law." Id. at 353 n.2.

Here, although the format is compressed and the font is small, our inquiry focuses on whether the notice is free from language or formatting choices that contradicts or

6

overshadows the notice.[7]  There is no language that contradicts the notice and the recipient's right to obtain information about the debt.  Moreover, because the notice language is in the same font and format as the rest of the letter, there is nothing more prominent than the notice.  See Wilson, 225 F.3d at 356 (holding that validation notice "presented in the same font, size and color type-face" as the rest of the letter did not violate § 1692g).  Furthermore, the notice is placed on the first page of the letter and is written in plain English.  While font size and format could render a notice unreadable, we cannot conclude that the notice here fits in that category as it is concise and legible, and is not misleading, confusing, or overshadowed by anything else in the letter.  Cf. Graziano, 950 F.2d at III (concluding that demand on front of letter which contradicted validation notice on reverse side did not effectively communicate rights under § 1692g).  Thus, the District Court correctly concluded that the letter does not violate § 1692g.

## III

For the foregoing reasons, we will affirm.

---

[7] Jewsevskyj failed to challenge the letter's content before the District Court, and thus any argument concerning its content is waived.