**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3260
_____

WANDA FRAZIER,
                        Appellant

v.

MORRISTOWN MEMORIAL HOSPITAL;
PRESSLER & PRESSLER, LLP; DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-06631)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wanda Frazier appeals from an order of the District Court dismissing her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm.

Frazier's husband Ronald received medical treatment at the Morristown Memorial Hospital in New Jersey in 2000 and 2002 and was billed for those services. When the bill went unpaid, the Hospital forwarded the debt to the lawyers at Pressler & Pressler, LLP ("Pressler") for collection, and Pressler initiated a collection action on the Hospital's behalf against Frazier and her husband in the New Jersey Superior Court, Morris County. Judgment by default was entered against both Mr. and Mrs. Frazier on December 23, 2002 in the amount of $4,368.46. Frazier moved in the Superior Court to vacate that judgment, but her motion was denied on November 28, 2007. The state court judge who denied her motion reasoned that Frazier had failed to support her motion with "specific facts" to justify the relief sought. In the years that followed, Pressler garnished Frazier's wages pursuant to N.J. Stat. Ann. §§ 2A:17-19 and 2A:17-1, and received payments from the Mercer County Sheriff, totaling $5,072.30.

On or about March 6, 2017, Frazier requested validation of the debt from the lawyers at Pressler. On March 17, 2017, an attorney for the firm wrote to her, stating that she owed an additional $696.30, because interest and court costs had accrued since the date of the judgment. In response to that letter and a similar follow-up letter from Pressler, Frazier filed a pro se civil action in the Superior Court, see MRS-DC-003799-17, alleging that Pressler had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., by refusing to verify or validate the debt. Frazier also asserted

2

that her now ex-husband Ronald had incurred the debt, that she did not receive any medical services from the Hospital, and that she was not responsible for paying her ex-husband's debt. Frazier demanded compensatory damages in the amount of $8,736.92.

Pressler moved to dismiss the complaint for failure to state a claim. The firm argued that it had complied with the FDCPA's notice requirements in attempting to collect the 2002 judgment; that Frazier had failed to properly dispute the firm's debt collection activities;[1] and that its March 2017 letters did not violate any provision of the FDCPA. Pressler further asserted that it had in fact properly responded to Frazier's request to verify the debt. Frazier opposed the motion to dismiss. On July 12, 2017, the state trial court granted Pressler's motion to dismiss and dismissed Frazier's complaint on the merits. Frazier did not appeal to the Appellate Division of the New Jersey Superior Court.

On August 31, 2017, Frazier filed suit pro se against Morristown Memorial Hospital and Pressler in the United States District Court for the District of New Jersey, asserting federal question jurisdiction, 28 U.S.C. § 1331, and alleging violations of the FDCPA, the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, et seq., and several Pennsylvania consumer protection statutes. Frazier attempted to state claims under these consumer protection statutes, and she once again challenged the validity of the 2002 judgment itself, asserting that the documentation offered in support of the request for the default judgment pertained to services rendered to Ronald only. Again, she asserted that she was not responsible for paying her ex-husband's debt. The defendants moved sepa-

---

[1] In order to stay collection, the consumer must timely convey to the debt collector that the debt is disputed, see Graziano v. Harrison, 950 F.2d 107, 111-12 (3d Cir. 1991).

rately to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. Frazier opposed dismissal.

In an order entered on September 18, 2018, the District Court granted the defendants' motions and dismissed Frazier's complaint. The Court held, in pertinent part, that Frazier's federal action against Pressler was barred by the doctrine of res judicata because her federal complaint was identical to her state court FDCPA complaint, for res judicata purposes. Specifically, the Court reasoned that (1) the acts complained of in both the state FDCPA action and the federal FDCPA action were the same; (2) in order to prove her claims in the federal action, Frazier would have to present the same evidence -- including testimony and documents -- that would have been necessary in the state FDCPA action; and (3) new legal theories do not make the second case different from the first for res judicata purposes. The District Court dismissed the action as to the Hospital on the ground that, even if the Hospital qualified as a "debt collector" under the FDCPA, which the Court doubted, Frazier's action was barred by the statute's one-year limitation period, see 15 U.S.C. § 1692k(d), because Frazier's only allegations against the Hospital related to the bills it issued in 2000 and 2002.

Frazier appeals. We have jurisdiction under 28 U.S.C. § 1291. We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). We exercise plenary review over both a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001), and a dismissal based on the doctrine of res judicata, see Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). A Rule 12(b)(6) motion tests the sufficiency of

4

the factual allegations contained in the complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  A motion to dismiss will be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding a Rule 12(b)(6) motion, a court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The FDCPA is a remedial statute aimed at eliminating abusive debt collection practices.  See Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006).  To prevail on an FDCPA claim, a plaintiff must prove that the defendant is a debt collector, as defined by the statute, and that the defendant has violated a provision of the FDCPA in attempting to collect a debt owed by the consumer-plaintiff.  15 U.S.C. § 1692k(a).  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Res judicata, also known as claim preclusion, applies in both federal court and New Jersey when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.  See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  The doctrine "bars not only claims that were brought in a previous action, but also claims

5

that could have been brought." In re: Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (discussing New Jersey law). Asserting different theories of recovery in a second lawsuit will not defeat the application of res judicata where the events underlying the two actions are essentially the same. See United States v. Athlone Industries, Inc., 746 F.2d 977, 983-84 (3d Cir. 1984).

The District Court correctly determined that Frazier's federal FDCPA action against Pressler was barred by the doctrine of res judicata because her 2017 FDCPA action in state court resulted in a final judgment on the merits; the parties were the same in both actions; and the federal action was based on the same claim as the state action. Because dismissal of the complaint against Pressler on the basis of res judicata was correct, Frazier's federal action against Pressler is barred and we cannot reach the merits of her FDCPA arguments against Pressler. With respect to Morristown Hospital, Frazier's FDCPA claim is time-barred, as explained by the District Court. Moreover; the Hospital is not a "debt collector," as defined by the statute. The FDCPA does not apply to creditors who collect their own debts; it applies only to debt collectors who collect debts owed to another. 15 U.S.C. § 1692a(6)(A). The Hospital rather obviously is not a "business the principal purpose of which is the collection of … debts." 15 U.S.C. § 1692a(6). The District Court properly declined to exercise supplemental jurisdiction over Frazier's state law claims because it dismissed all claims over which it had original jurisdiction, 28 U.S.C. § 1367(c).

Frazier argues in her Informal Brief that dismissal of her complaint was premature and that she was entitled to discovery, Appellant's Informal Brief, at 6. In reviewing a

6

District Court's decision to grant a Rule 12(b)(6) dismissal, we look for "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Here, there were insufficient facts alleged to warrant discovery and thus we reject this argument as meritless.

Last, in both her state and federal actions, Frazier asserted that she is not responsible for paying her ex-husband's medical bills. This argument is a challenge to the validity of the 2002 judgment itself, rather than to any debt collection practices, and thus the consumer protection statutes on which Frazier relies are not particularly, if at all, relevant. In her Reply Brief, for example, she states: "My complaint is about … Wanda Frazier being held legally and solely responsible for 'debt collection' for medical services that I never benefitted from. My complaint is about Mr. Frazier, the rightful owner of said debt, never being held, in a court of law, legally responsible…." Appellant's Reply Brief, at 1. Federal courts, however, are required to give "full faith and credit" to the judgments of state courts. U.S. Const. Art. 4, § 1; 28 U.S.C. § 1738. This requirement applies to the 2002 judgment, which we note was entered against *both* Ronald and Wanda Frazier, and has never been invalidated or voided. The 2002 judgment provides the legal basis for collection of the debt from either Wanda or Ronald Frazier, without regard to who actually received the medical services.[2]

---

[2] In her Reply Brief, Frazier argues that Pressler should have attempted to collect the judgment from Ronald Frazier, rather than from her. Appellant's Reply Brief, at 4. She argues that she and Ronald Frazier were divorced in 2009 and that Pressler's garnishment of her wages violated her rights as a non-debtor spouse. Id. at 9. We note, however, that

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint under Rule 12(b)(6).

---

she attached to her Reply Brief an Order signed by the Honorable Robert Brennan of the New Jersey Superior Court, upholding the wage execution on September 8, 2011. That Order states that Judge Brennan held oral argument on August 19, 2011 on Frazier's objections to the wage execution and that Frazier was present at oral argument. Accordingly, it appears that the Writ of Wage Execution also has never been invalidated or overturned.